**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

MICHAEL JAMAL COKER,                                  Case No.: 3:20-bk-00600-CJJ

           Debtor.                                              Chapter 7
_____/

**TRUSTEE'S MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT WITH DEBTOR**

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail. You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to claim in this bankruptcy case, your claim may be reduced, modified, or eliminated.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court at 300 North Hogan Street, Suite 3-150, Jacksonville, FL 32202 and serve a copy on the movant's attorney, Katherine C. Fackler, Esq., Akerman LLP, 50 North Laura Street, Suite 3100, Jacksonville, FL 32202, and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Doreen Abbott, as Chapter 7 Trustee (the "Trustee"), by and through her undersigned counsel, and pursuant to Federal Bankruptcy Procedure 9019 and Local Bankruptcy Rule 2002-4, moves the Court for entry of an Order in the form attached hereto as **Exhibit A**, approving the terms of the settlement agreement set forth below (the "Settlement Agreement") between the

1

Trustee and the debtor, Michael Jamal Coker (the "Debtor").  In support of this Motion, the Trustee would say:

## Background

On February 21, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") (Doc. 1) under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Michael Jamal Coker,* Case No: 3:20-bk-0600-CJJ (the "Bankruptcy Case").  The Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

## Real Property Interests

A. Real Properties

On Schedule A/B of the Petition, the Debtor scheduled interests in certain real property including, *inter alia*: (i) 4601 SE 30th Street, Ocala FL 34480 (the "Homestead"), with a value of $275,000; (ii) 3487 SW 10th Terrace, Ocala, FL 34471 (the "10th Terrace Property"), with a value of $230,000; (iii) 4836 D Street, Philadelphia, PA 19120 (the "Philadelphia Property"), with a value of $54,000; and (iv) 1201 NE 33rd Street, Ocala, Florida (the "33rd Street Property"), with a value of $47,335.

The Debtor claimed the Homestead Property exempt pursuant to Art. X, § 4(a)(1), Fla. Const. and §§ 222.01 and 222.02, Fla. Stat.

The Debtor scheduled mortgages (i) on the 10th Terrace Property, with a balance of $190,000; (ii) on the Philadelphia Property, with a balance of $60,000; and (iii) on the 33rd Street Property, with a balance of $20,953.18.

On June 24, 2020, the Trustee recorded a Notice of Interest in Property for the 10th Terrace Property in the Public Records of Marion County, Florida, commencing at Official

Records Book 7213, Page 782 (the "10th Terrace Notice of Interest") and a Trustee's Notice of Interest in Property for the 33rd Street Property in the Public Records of Marion County, Florida, commencing at Official Records Book 7213, Page 779 (the "33rd Street Notice of Interest"). On June 26, 2020, the Trustee recorded a Notice of Interest in Property for the Philadelphia Property in the Public Records of Philadelphia County, Pennsylvania, at Recording Number: 53682118 (the "Philadelphia Notice of Interest," and together with the 10th Terrace Notice of Interest and 33rd Street Notice of Interest, the "Notices of Interest in Property").

The 10th Terrace Property is leased to Christopher Barry for $1,300 per month, the Philadelphia Property is leased to Sarah Coker and Diane Miller for a total of $1,000 per month, and the 33rd Street Property is leased to Rebecca Hernandez pursuant to a "rent to own" agreement for $700 per month. The Trustee asserts that any rent received by the Debtor on account of any leases of the foregoing real properties after the Petition Date (the "Postpetition Rent") is property of the Debtor's bankruptcy estate, and the Debtor is required to turn over the Postpetition Rent to the Trustee. The Debtor represented to the Trustee that as of June 30, 2020, he had received $6,400 in Postpetition Rent.

The Debtor did not claim any exemptions in the 10th Terrace Property, Philadelphia Property, or 33rd Street Property. The Trustee asserts that there is equity in the 10th Terrace Property, Philadelphia Property, and 33rd Street Property, such that the Trustee could sell each of those properties free and clear of liens, claims, encumbrances, and interests pursuant to section 363 of the Bankruptcy Code, for the benefit of the bankruptcy estate.

B. Timeshare

On Schedule A/B, the Debtor scheduled an interest in a Club Wyndham timeshare in the amount of $3,000 (the "Timeshare"). The Debtor scheduled a lien on the Timeshare in excess of

its scheduled value, however, the Trustee believes she could facilitate a sale of the Timeshare for a net benefit to the bankruptcy estate.

**Personal Property**

On Schedule A/B, the Debtor scheduled interests in, *inter alia*, (i) a 2008 Honda Civic in the amount of $1,000 (the "Civic"); (ii) a trailer in the amount of $500 (the "Trailer"); (iii) various household goods and furnishings in the amount of $3,315 (the "Household Items"); (iv) electronics in the amount of $875 (the "Electronics"); (v) equipment in the amount of $600 (the "Equipment"); (vi) a gun in the amount of $200; (vii) clothing and jewelry in the amount of $250 (the "Clothing"); and (viii) cash and accounts in the amount of $161 (collectively, the "Cash").

On Schedule C, the Debtor claimed exempt, *inter alia*, (i) $1,000 in the Civic, pursuant to § 222.25(1), Fla. Stat., and (ii) $1,000 in the Household Items, pursuant to Art. X, § 4(a)(2), Fla. Const.

The Trustee asserts that the Trailer, non-exempt portion of the Household Items, Electronics, Equipment, Clothing, and Cash (collectively, the "Non-Exempt Personal Property") are property of the Debtor's bankruptcy estate pursuant to section 541 of the Bankruptcy Code, and the Debtor is required to turn over the Non-Exempt Personal Property to the Trustee pursuant to 11 U.S.C. § 541.

**Trustee's Pleadings**

On May 19, 2020, the Trustee filed an Objection to the Debtor's Claims of Exemptions (the "Objection to Exemptions") (Doc. 14) on grounds that the values claimed exempt are too low and exceed the amounts the Debtor is entitled to claim exempt under applicable law. The Trustee also filed an Application to Employ Naji Hassan and 7 Star Realty (Doc. 20) as real

estate agent for the bankruptcy estate, which the Bankruptcy Court approved by Order at Doc. 21.

## Terms of Settlement Agreement

The Trustee and the Debtor have agreed to a settlement of all claims and interests disclosed by the Debtor arising out of or related to the Bankruptcy Case, including but not limited to the Homestead Property, 10th Terrace Property, Philadelphia Property, 33rd Street Property, Notices of Interest in Property, Postpetition Rent, Timeshare, Civic, Non-Exempt Property, and Objection to Exemptions (collectively, the "Settled Claims"), whereby:

1) The Debtor shall pay the Trustee $51,100 (the "Settlement Payment") as follows: (a) $25,000 due on or before September 1, 2020, and (b) nine (9) additional payments of $2,900 each, beginning on October 1, 2020 and continuing on or before the first (1st) day of each month for eight (8) months thereafter;

2) The Debtor shall make all payments under the Settlement Payment by check payable to "Doreen Abbott, Trustee" and mail them to the Trustee at Post Office Box 56257, Jacksonville, FL, 32241-6257;

3) Simultaneously with the execution of this Settlement Agreement, the Debtor shall turn over all Postpetition Rent ($6,400) to the Trustee received by the Debtor as of June 30, 2020, and the Debtor shall be entitled to retain any rent received on or after July 1, 2020;

4) The Settlement Payment and the Postpetition Rent (collectively, the "Estate Funds") shall be property of the bankruptcy estate, free and clear of all liens, claims, and encumbrances, and the Trustee shall distribute the Estate Funds in accordance with the provisions of section 726 of the Bankruptcy Code;

5) Upon receipt of the Settlement Payment in full, the Trustee will record releases of the Notices of Interest in Property;

6) As security for the Settlement Payment, the Debtor hereby assigns and grants to the Trustee a continuing lien on and security interest in all pre-Petition Date and post-Petition Date non-exempt personal property, both tangible and intangible, owned by the Debtor (the "Personal Property").  The Debtor hereby authorizes the Trustee at any time and from time to time, to file in any Uniform Commercial Code jurisdiction, any initial financing statements and amendments thereto that (a) indicate the Personal Property (i) as all assets of Debtor or words of similar effect, regardless of whether any particular asset comprised in the Personal Property falls within the scope of Article 9 of the Florida Uniform Commercial Code or such jurisdiction, or (ii) as being of an equal or lesser scope or with greater detail, and (b) contain any other information required by Part V of Article 9 of the Florida Uniform Commercial Code for the sufficiency or filing office acceptance of any financing statement or amendment, including without limitation the UCC-1 Financing Statement attached hereto as **Exhibit B**.  Upon payment of the Settlement Payment in full, the Trustee or her assignees will take whatever steps as may be necessary to release the lien created herein.  Rights to the Settlement Payment and corresponding lien and security interest may be assigned by the Trustee;

7) Upon the Trustee's timely receipt of the Settlement Payment in good and sufficient funds, the Trustee and the bankruptcy estate shall be deemed to have released the Debtor of the Settled Claims and any other known claims the Trustee and the bankruptcy estate could have asserted against him, and the Debtor shall be deemed to have released the Trustee and the bankruptcy estate of any and all claims the Debtor asserted or could have asserted against the Trustee and the bankruptcy estate; and

8) If an Order approving this Settlement Agreement is not entered or does not become final and non-appealable, or the Debtor does not timely pay the Settlement Payment, then the terms of the Settlement Agreement contained herein shall be of no force and effect and the Trustee and the Debtor shall retain all or their respective rights, remedies, claims, and defenses.

For administrative purposes only, the Settlement Payment shall be allocated as follows: (i) $7,000 to the Non-Exempt Property; (ii) $18,000 to the equity in the 10th Terrace Property; (iii) $18,000 to the equity in the 33rd Street Property; and (iv) $8,100 to the equity in the Philadelphia Property.

If the Debtor fails to timely pay the Settlement Payment as described herein, then after ten (10) days' written notice to the Debtor and the Debtor's counsel and the Debtor's failure to cure within that ten (10) day period, the Trustee, upon submission of an affidavit stating that the Debtor failed to timely comply with the terms of this Settlement Agreement, shall be entitled to:

(i) retain any portion of the Settlement Payment received by the Trustee as of the date of the Debtor's default; and

(ii) entry of an order requiring the Debtor to turn over the outstanding balance of the Settlement Payment along with interest on the outstanding sum at the rate of 18% per annum and all of the attorneys' fees and costs that the Trustee incurs in recovering sums due the estate from the Debtor;

**provided however, that the Trustee shall not be required to give the Debtor or his counsel notice of any default after two occurrences of a default prior to submitting an affidavit of default.**

**The Debtor fully understands and agrees that once an Order approving this Settlement Agreement is entered by the Bankruptcy Court, failure to comply with the terms contained herein will be considered a "willful failure to obey a lawful court order" and shall serve as grounds for revocation of his discharge pursuant to 11 U.S.C. § 727. The Debtor further warrants and represents that he has the financial resources to make the Settlement Payment required under this Settlement Agreement.**

This Settlement Agreement shall be deemed the joint work product of all parties and their respective counsel, if any, and all parties shall be considered the drafters of this Settlement Agreement. Any rule of construction to the effect that any ambiguities are to be construed against the drafting party shall not be applicable in any interpretation of this Settlement Agreement. Each of the parties declares that they have been represented by counsel in connection with the negotiation of this Settlement Agreement or have had the opportunity and wherewithal to be represented by counsel in the review, negotiation, and execution of this Settlement Agreement, and that the terms and conditions of this Settlement Agreement are understood fully and agreed to voluntarily.

Because the costs and time involved in resolving the bankruptcy estate's interest in the Settled Claims other claims described herein could yield less than what creditors will receive as a result of this compromise, the Trustee believes that this compromise is reasonable and recommends it to the creditors of this estate.

This notice is being served on all parties on the attached mailing matrix.

[SIGNATURES ON THE FOLLOWING PAGE]

| J. HERBERT WILLIAMS, P.A. | AKERMAN LLP |
|---|---|
| By: _/s/ [signature]_____<br>J. Herbert Williams<br>Florida Bar No. 0604471<br>Email: jherbert3@mindspring.com<br>702 South Magnolia Ave., Suite 2<br>Ocala, FL 34471<br>Telephone: (352) 629-6000<br>Facsimile: (352) 387-1694<br><br>*Attorneys for Debtor, Michael Jamal Coker* | By: _/s/ Jacob A. Brown_____<br>Jacob A. Brown<br>Florida Bar No.: 0170038<br>Email: jacob.brown@akerman.com<br>Katherine C. Fackler<br>Florida Bar No.: 0068549<br>Email: katherine.fackler@akerman.com<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>Facsimile: (904) 798-3730<br><br>*Attorneys for Doreen Abbott, Chapter 7 Trustee* |

The terms and conditions set forth in the above Settlement Agreement are hereby accepted and Agreed to:

By: _[signature]_____
Michael Jamal Coker

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished either by electronic notification or by United States mail, postage prepaid and properly addressed, this 23rd day of July, 2020, to:

| | |
|---|---|
| Michael Jamal Coker<br>4601 SE 30th Street<br>Ocala, FL 34480 | Doreen Abbott. Chapter 7 Trustee<br>PO Box 56257<br>Jacksonville, FL 32241-6257 |
| J. Herbert Williams, Esq.<br>J. Herbert Williams, P.A.<br>702 South Magnolia Avenue, Suite 2<br>Ocala, FL 34471 | United States Trustee - JAX 13/7<br>Office of the United States Trustee<br>George C. Young Federal Building<br>400 West Washington Street, Suite 1100<br>Orlando, FL 32801 |

and all parties on the attached mailing matrix.

                                       */s/ Jacob A. Brown*
                                       Attorney

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:20-bk-00600-CJJ<br>Middle District of Florida<br>Jacksonville<br>Thu Jul 23 09:09:38 EDT 2020 | Michael Jamal Coker<br>4601 SE 30th Street<br>Ocala, FL 34480-1627 | Naji Hassan<br>9951 Atlantic Blvd.<br>Suite 130<br>Jacksonville, FL 32225-6542 |
| Cynthia C. Jackson<br>Jacksonville<br>, FL | Wells Fargo Bank, N.A.<br>Brock and Scott, PLLC<br>Attorneys at Law<br>2001 Northwest 64th Street, Suite 130<br>Fort Lauderdale, FL 33309-1855 | AES<br>P.O. Box 2461<br>Harrisburg, PA 17130-0001 |
| CBNA/Best Buy<br>701 East 60th Street<br>Sioux Falls, SD 57104-0432 | Capital One<br>P.O. Box 30253<br>Salt Lake City, UT 84130-0253 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Capital One, N.A.<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | Capital One/Kohls<br>P.O. Box 3115<br>Milwaukee, WI 53201-3115 |
| Citicards CBNA<br>701 E 60th St N<br>Sioux Falls, SD 57104-0432 | Citicards CBNA<br>IBS CDV Disputes<br>701 E 60th St N<br>Sioux Falls, SD 57104-0432 | City of Philadelphia PGW<br>800 W. Montgomery Ave<br>Philadelphia, PA 19122-2898 |
| Fifth Third Bank<br>5050 Kingsley Drive<br>Cincinnati, OH 45227-1115 | Fifth Third Bank, N.A.<br>PO Box 9013<br>Addison, Texas 75001-9013 | Florida Dept. of Revenue<br>Bankruptcy Unit<br>P.O. Box 6668<br>Tallahassee, FL 32314-6668 |
| IBS CDV Disputes<br>P. O. Box 6241<br>Sioux Falls, SD 57117-6241 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | Justice Federal Credit Union<br>5175 Park Stone Drive<br>Chantilly, VA 20151-3816 | Marion County Tax Collector<br>P.O. Box 970<br>Ocala FL 34478-0970 |
| Midland Trust Co.<br>c/o In Perpetuum, LLC<br>500 NE 8th Avenue<br>Ocala, FL 34470-5345 | Navy Federal Credit Union<br>820 Follin Lane SE<br>Consumer Loans P.O 152643<br>Vienna, VA 22180-4907 | Navy Federal Credit Union<br>One Security Place<br>P.O. Box 152643<br>Merrifield, VA 22119-0001 |
| Navy Federal Credit Union<br>P.O. Box 3500<br>Merrifield, VA 22119-3500 | SYNCB/Lowes<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 | SYNCB/Sams Club<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 |

```
TD Bank USA/Target              TD Bank USA/Target              TD Bank, USA
7000 Target Parkway N           PO Box 1470                     by American InfoSource as agent
Mail Stop NCD 0450              Minneapolis, MN 55440-1470      PO Box 248866
Brooklyn Park, MN 55445-4301                                    Oklahoma City, OK  73124-8866


Tax Collector, Marion County    Thomas H. Saltzman              (p)US BANK
P.O. Box 970                    P.O. Box 582                    PO BOX 5229
Ocala, FL 34478-0970            Pampa, TX 79066-0582            CINCINNATI OH 45201-5229


USAA Savings Bank               Wells Fargo Home Mortgage       (p)WYNDHAM CONSUMER FINANCE INC
PO Box 33009                    P.O. Box 10335                  P O BOX 97474
San Antonio, TX 78265-3009      Des Moines, IA 50306-0335       LAS VEGAS NV 89195-0001


Xceed Financial Credit Union    Doreen Abbott +                 J Herbert Williams +
888 N Nash Street               PO Box 56257                    J. Herbert Williams, P.A.
El Segundo, CA 90245-2879       Jacksonville, FL 32241-6257     702 South Magnolia Avenue
                                                                Suite 2
                                                                Ocala, FL 34471-0987


Jacob A. Brown +                United States Trustee - JAX 13/7 +    Alejandro G Martinez-Maldonado +
Akerman LLP                     Office of the United States Trustee   eXL Legal PLLC
50 North Laura Street           George C Young Federal Building       12425 28th Street North, Suite 200
Suite 3100                      400 West Washington Street, Suite 1100 St. Petersburg, FL 33716-1826
Jacksonville, FL 32202-3659     Orlando, FL 32801-2210


Jennifer Laufgas +              Patrick Allen Hruby +           Note: Entries with a '+' at the end of the
Aldridge Pite, LLP              Brock & Scott, PLLC             name have an email address on file in CMECF
Fifteen Piedmont Center         2001 Northwest 64th Street, Suite 130
3575 Piedmont Road, N.E., Suite 500    Fort Lauderdale, FL 33309-1855
Atlanta, GA 30305-1636
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Capital One Bank USA            JPMCB Card Services             U.S. Bank National Association
P.O. Box 85015                  301 Walnut St, Floor 09         Bankruptcy Department
Richmond, VA 23285              Wilmington, DE 19801            PO Box 108
                                                                Saint Louis MO 63166-0108


(d)US Bank                      Wyndham Vacation Resorts        End of Label Matrix
P.O. Box 790084                 P.O. Box 98940                  Mailable recipients   47
Saint Louis, MO 63179-0084      Las Vegas, NV 89193             Bypassed recipients    0
                                                                Total                 47
```

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**www.flmb.uscourts.gov**

In re:

MICHAEL JAMAL COKER,                                Case No.: 3:20-bk-00600-CJJ

　　　　　Debtor.                                              Chapter 7
_____/

**ORDER APPROVING SETTLEMENT AGREEMENT**

THIS CASE came before the Court upon the Motion (the "Motion")[1] (Doc. ____) of Doreen Abbott, as Chapter 7 Trustee, for entry of an Order approving the terms of the Settlement Agreement by and between the Trustee and the Debtor, Michael Jamal Coker. There being no objection to the Motion after proper notice to interested parties pursuant to Local Bankruptcy Rule 2002-4 on July 23, 2020, it is

**ORDERED:**

1.　　The Motion is GRANTED.

---

[1] Defined terms from the Motion are incorporated by reference herein.

**Exhibit A**

2

2. The Settlement Agreement is approved and is fully enforceable in all respects. The Debtor and the Trustee shall comply with all terms of the approved Settlement Agreement.

3. The Debtor shall pay the Settlement Payment ($51,100) as follows: (a) $25,000 due on or before September 1, 2020, and (b) nine (9) additional payments of $2,900 each, beginning on October 1, 2020 and continuing on or before the first (1st) day of each month for eight (8) months thereafter.

4. The Debtor shall pay all payments by check payable to Doreen Abbott, Trustee, and mailed to the Trustee at PO Box 56257, Jacksonville, Florida 32241-6257.

5. Simultaneously with the execution of the Settlement Agreement, the Debtor shall turn over all Postpetition Rent ($6,400) to the Trustee, and the Debtor shall be entitled to retain any rent received on or after July 1, 2020.

6. The Estate Funds shall be property of the bankruptcy estate, free and clear of all liens, claims, and encumbrances, and the Trustee shall distribute the Estate Funds in accordance with the provisions of section 726 of the Bankruptcy Code.

7. Upon receipt of the Settlement Payment in full, the Trustee will record releases of the Notices of Interest in Property.

8. Upon the Trustee's timely receipt of the Settlement Payment in good and sufficient funds, the Trustee and the bankruptcy estate shall be deemed to have released the Debtor of the Settled Claims and any other known claims the Trustee and the bankruptcy estate could have asserted against him, and the Debtor shall be deemed to have released the Trustee and the bankruptcy estate of any and all claims the Debtor asserted or could have asserted against the Trustee and the bankruptcy estate.

2

53838208;1

**Exhibit A**

3

Attorney Jacob A. Brown is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

53838208;1

**Exhibit A**

**STATE OF FLORIDA UNIFORM COMMERCIAL CODE FINANCING STATEMENT FORM**

A. NAME & DAYTIME PHONE NUMBER OF CONTACT PERSON
Jacob A. Brown, Esq.  (904) 798-3700
B. Email Address    jacob.brown@akerman.com
C. SEND ACKNOWLEDGEMENT TO:
Name          Jacob A. Brown, Esq.

Address       Akerman LLP

Address       50 North Laura Street, Suite 3100

City/State/Zip   Jacksonville, FL 32202

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

**1. DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY **ONE** DEBTOR NAME (**1a OR 1b**) – Do Not Abbreviate or Combine Names

| 1.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1.b INDIVIDUAL'S SURNAME<br>Coker | FIRST PERSONAL NAME<br>Michael | ADDITIONAL NAME(S)/INITIAL(S)<br>Jamal | SUFFIX |
| 1.c MAILING ADDRESS Line One<br>4601 SE 30th Street | This space not available. | | |
| MAILING ADDRESS Line Two | CITY<br>Ocala | STATE<br>FL | POSTAL CODE<br>34480 | COUNTRY<br>USA |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** – INSERT ONLY **ONE** DEBTOR NAME (2**a OR 2b**) – Do Not Abbreviate or Combine Names

| 2.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2.b INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2.c MAILING ADDRESS Line One | This space not available. | | |
| MAILING ADDRESS Line Two | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME**   (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) – INSERT ONLY **ONE** SECURED PARTY (**3a OR 3b**)

| 3.a ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3.b INDIVIDUAL'S SURNAME<br>Abbott | FIRST PERSONAL NAME<br>Doreen | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX<br>as Trustee |
| 3.c MAILING ADDRESS Line One<br>PO Box 56257 | This space not available. | | |
| MAILING ADDRESS Line Two | CITY<br>Jacksonville | STATE<br>FL | POSTAL CODE<br>32241-6257 | COUNTRY<br>USA |

**4.** This **FINANCING STATEMENT** covers the following collateral:

All personal property, both tangible and intangible, owned by the Debtor, including but not limited to goods, inventory, equipment, fixtures, accounts, chattel paper, commercial tort claims, deposit accounts, letters of credit, or rights arising out of other types of payment, general intangibles, payment intangibles, documents, instruments, receivables, tort claims, investments, deposit accounts, and money.

**5.** ALTERNATE DESIGNATION (if applicable)   ☐ LESSEE/LESSOR   ☐ CONSIGNEE/CONSIGNOR   ☐ BAILEE/BAILOR
☐ AG LIEN   ☐ NON-UCC FILING   ☐ SELLER/BUYER

**6. Florida DOCUMENTARY STAMP TAX** – YOU ARE REQUIRED TO CHECK **EXACTLY ONE** BOX
[X] All documentary stamps due and payable or to become due and payable pursuant to s. 201.22 F.S., have been paid.

☐ Florida Documentary Stamp Tax is not required.

**7. OPTIONAL FILER REFERENCE DATA**

STANDARD FORM - FORM UCC-1 (REV.05/2013)          **Filing Office Copy**          **Approved by the Secretary of State, State of Florida**

53837993;1

**Exhibit B**